Filed 12/15/21  P. v. Edwards CA1/3
Opinion following rehearing

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JAHMAL MARSHALLE EDWARDS,<br><br>     Defendant and Appellant. | A159264<br><br>(Alameda County<br>Super. Ct. No. 18CR019853) |

### MEMORANDUM OPINION[1]

Jahmal Marshalle Edwards started a fire in a San Leandro department store to create a distraction as he attempted to steal leather jackets.  The fire damaged the store and its merchandise.  A jury convicted Edwards of arson (§ 451, subd. (d), count 2) and misdemeanor vandalism (§ 594, subd. (a), count 3), and it found true an allegation that Edwards had a prior arson conviction (§ 451.1, subd. (a)).

The trial court found Edwards had a prior arson conviction (§ 451.1, subd. (a)), which constituted a prior strike under the "Three Strikes" law

---

[1] We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issues raised.  Undesignated statutory references are to the Penal Code.

(§§ 667, subds. (b)–(i), 1170.12) and a prior serious felony (§ 667, subd. (a)). The court also found Edwards had served a prison term for possession of ammunition by a prohibited person. (§§ 30305, subd. (a)(1), former 667.5, subd. (b).)

In 2019, the trial court sentenced Edwards to 17 years in state prison, comprised of the aggravated three-year term on count 2, doubled pursuant to the Three Strikes law, five years for the prior arson conviction enhancement, and five years for the prior serious felony conviction. The court imposed the upper term on count 2 "given the significant number of aggravating factors" — including that Edwards was on probation for arson when he committed the offenses, and that he had engaged in "recidivist behavior" — and the absence of mitigating factors. The court also imposed a mandatory one-year enhancement under former section 667.5, subdivision (b). On count 3, the court imposed a concurrent one-year jail term. The court awarded Edwards 371 days of presentence credit.

On October 8, 2021, while Edwards's appeal was pending, the Governor signed Senate Bill No. 567 (2021–2022 Reg. Sess.) into law. As relevant here, Senate Bill No. 567 limits the trial court's ability to impose an aggravated term of imprisonment absent the existence of specified circumstances. (§ 1170, subd. (b)(1)–(3), as amended by Stats. 2021, ch. 731, § 1.3; Couzens, Selected Changes to California Sentencing Laws Effective 2022 (Barrister Press 2021) pp. 5, 6 & fn. 2, 10–15 (Couzens).)[2] Senate Bill No. 567 also

---

[2] As amended, section 1170, subdivision (b)(2) provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in

requires the sentencing court to impose a low term of imprisonment under certain circumstances. (§ 1170, subd. (b)(6), as amended by Stats. 2021, chs. 731, § 1.3 & 695, § 1; Couzens, *supra*, at pp. 6 & fn. 2, 9, 23–27.)

Senate Bill No. 567 is effective January 1, 2022. The Attorney General concedes Edwards must be resentenced under Senate Bill No. 567 once that law takes effect as the trial court imposed the aggravated term on count 2 and the record does not make clear whether the aggravating factors upon which the court relied were admitted by Edwards or found true beyond a reasonable doubt. The Attorney General also concedes Edwards is entitled to the benefit of Senate Bill No. 567 as his case will not be final by January 1, 2022. (See *People v. Frahs* (2020) 9 Cal.5th 618, 627–633; Couzens, *supra*, at p. 7.)

We accept the Attorney General's concessions and remand the matter for resentencing.

## DISPOSITION

The judgment of conviction is affirmed. The sentence is vacated. The matter is remanded to the trial court to resentence Edwards under Senate Bill No. 567 after January 1, 2022. At resentencing, Edwards may urge the trial court to apply ameliorative legislation signed into law during the pendency of this appeal, including but not limited to Assembly Bill No. 518 (2021–2022 Reg. Sess.) and Assembly Bill No. 124 (2021–2022 Reg. Sess.).

---

a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense."

_____
Rodríguez, J.

WE CONCUR:


_____
Fujisaki, Acting P. J.


_____
Petrou, J.


A159264

4